PUTMAN & PUTMAN, INC., Appellant,

v.

CAPITOL WAREHOUSE, INC., et al., Appellees.

No. 3-88-254-CV.

Court of Appeals of Texas, Austin.

Aug. 9, 1989.

Rehearing Denied Sept. 13, 1989.

---

Donald P. Stecker, Putman & Putman, Inc., San Antonio, for appellant.

Philip F. Patman, Patman & Patman, Austin, for appellees.

Before POWERS, JONES and SMITH *, JJ.

POWERS, Justice.

Putman & Putman, Inc., a law firm, appeals from a final judgment awarding Capitol Warehouse, Inc. certain funds deposited in court by a garnishee, American Heritage Life Insurance Company of Texas, in a post-judgment garnishment suit brought by Capitol. We will reverse the judgment and remand the cause to the trial court.

## THE CONTROVERSY

Capitol brought the garnishment suit on sworn allegations, in its application for the writ, that it had recovered judgment on February 29, 1988 against Arthur Muñoz in the amount of $14,326.46, together with costs and post-judgment interest; that the judgment remained unsatisfied; and that Capitol believed with reason that American had "in its possession effects belonging to" Muñoz. *See* Tex.Civ.Prac. & Rem.Code Ann. § 63.001(3) (1986); Tex.R.Civ.P.Ann. 657 (Supp.1989).

American answered under oath that it was indebted to Muñoz but in particular circumstances: that American owed Muñoz $15,000.00 for his "release and discharge of all claims, rights, demands, debts, liabilities, controversies and causes of action";

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't.Code Ann. § 74.003 (1988).

and that American believed "the law firm of Putman & Putman, Inc. in San Antonio, Texas, has or claims an interest" in the $15,000.00. In apparent explanation of why American did not join Putman in the suit, the answer recited that Putman had already intervened therein. *See Security Nat. Bank v. Morgan,* 245 S.W. 455, 457 (Tex.Civ.App.1922, writ ref'd). American was eventually "discharged and dismissed" from the suit, under the terms of an agreed order, after depositing the $15,000.00 in the registry of the court.

In its intervention, Putman had pled that it owned "a vested 40% interest" in the $15,000.00 by reason of an assignment from Muñoz that preceded the 1988 judgment recovered by Capitol, as set out in an alleged contract between Muñoz and Putman that was attached to and incorporated in Putman's pleading. The instrument, dated March 11, 1986, reflects that Muñoz engaged Putman to represent him in his claims "arising out of [the] death of [his wife] Nelia for ins. proceeds," and assigned Putman 40% of any "recovery" obtained. The face of the contract does not indicate that it encompassed Muñoz' claim against American.

Capitol did not controvert or take special exception to either American's answer or Putman's pleading in intervention. We believe, however, that American's answer, which pointed out Putman's claim to own an interest in the $15,000.00, put in issue the question of title to the funds. *Thompson v. Fulton Bag & Cotton Mills,* 155 Tex. 365, 286 S.W.2d 411, 414 (1956); *Hendrick v. Johnston,* 32 S.W.2d 883 (Tex.Civ. App.1930, no writ). The case proceeded to trial on American's answer and Putman's pleading in intervention.

Capitol introduced in evidence an abstract of its 1988 judgment against Muñoz, and the testimony of a witness that the judgment debt had not been paid. It offered no evidence to show that Muñoz owned any of the $15,000.00. Putman introduced in evidence a copy of the 1986 contract wherein Muñoz had engaged Putman's services. A lawyer employed by the Putman firm testified that under the contract Muñoz retained Putman "to represent him against various insurance companies, including American" in his claims "arising out of the death of his wife, Nelia," and assigned Putman 40% "of any recovery which was effected either through a settlement or a lawsuit." By implication, the lawyer included in the contract Muñoz' claim against American, although American is not listed by name among what are, apparently, insurance companies listed in the contract: "AWOT, Am.F.d. LIC. & Nat. Life & Acc. Ins. Co." This was the sum and substance of the evidence adduced at trial.

■ The judgment given by the trial court awards the entire $15,000.00 to Capitol, save for $743.17 awarded American for its costs, and orders that Putman take nothing. The judgment rests upon findings of fact and conclusions of law; consequently, we may not consider in our review any other disputed fact issues as grounds for upholding the judgment. *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 84 (1939).

Putman assails the judgment on two points of error: (1) the trial court erred in awarding Capitol the entire $15,000.00 because $6,000.00 of that amount belonged to Putman as a "vested property interest"; and (2) the trial court erred in its express finding of fact, and related conclusion of law, that there was "no evidence" of any "relationship" between Putman and the $15,000.00, and "no evidence" of any services provided by Putman to Muñoz under their contract. Capitol rejoins that Putman's employment contract did not assign Putman anything except a contingent right to share in any "recovery" Muñoz might receive by his claim; and Muñoz never received the $15,000.00 because the writ of garnishment intervened and American paid the $15,000.00 into court. Moreover, Capitol argues, Putman failed utterly to introduce evidence to establish the factual elements of its claim to the $6,000.00 under its contract with Muñoz, even though Putman's lawyer might have related some of those elements to the court by way of

introductory remarks as opposed to sworn testimony.

## DISCUSSION AND HOLDINGS

Putman's first point of error, as stated, is quite general; nevertheless, the argument thereunder directly and plainly draws our attention to Putman's specific complaint: that the $6,000.00 was not shown to belong to Muñoz, but to Putman, and the trial court therefore erred in its finding of fact number six, and conclusion of law number four, which declare that Capitol was entitled to recover all of the $15,000.00 as the property of Muñoz. We will sustain the point of error, albeit for a slightly different legal reason: that Capitol failed to carry its burden of proving that the $15,000.00 belonged to Muñoz, when his ownership had been put in issue by American's answer.

■ The primary issue in a garnishment suit is whether the garnishee is indebted to, or has in his possession effects belonging to, the debtor; and this may require "a determination of the title to or ownership of funds held by the garnishee if title or ownership were doubtful or in dispute." *Thompson*, 286 S.W.2d at 414. The nature of the answer filed by the garnishee, in response to the interrogatories propounded in the writ, may or may not put in doubt the debtor's ownership of the funds.

■ In many cases, of course, the garnishee answers simply that it *does* hold funds which *belong to the debtor.* An answer of that kind establishes *prima facie* that the debtor owns the funds, and without further evidence the garnishee may have the funds applied to pay the debt owed him by the debtor. If another person claims ownership of the funds, he must intervene and by appropriate allegations and proof overcome that rebuttable presumption if he is to recover the funds as being *his* property. *King & King v. Porter*, 256 S.W. 627, 629 (Tex.Civ.App.1923, no writ).

■ On the other hand, the garnishee's answer may be of a character that raises doubt about who actually owns funds admittedly held by the garnishee for another. As indicated in the *Thompson* opinion, an answer of that kind is sufficient standing alone to *put in issue* the debtor's ownership; that is to say, the garnishee's answer does *not* give rise to a rebuttable presumption (or *prima facie* showing) that the funds belong to the debtor. Consequently, the burden of proof falls upon the garnishor to establish affirmatively that the debtor *does* own the funds, and the amount owned by him, if the garnishor wishes to recover any amount on the garnishment theory that the funds may be applied to the debtor's indebtedness because they are *his* property. *Red Henry Painting Co. v. Bank of North Texas*, 521 S.W.2d 339, 342 (Tex.Civ.App.1975, no writ); *Nesbit v. Dallas Bank & Trust Co.*, 82 S.W.2d 692, 697 (Tex.Civ.App.1935, no writ); *Graham Nat. Bank v. First Nat. Bank*, 48 S.W.2d 358, 360 (Tex.Civ.App. 1932, writ ref'd); *Provident Nat. Bank of Waco v. Cairo Flour Co.*, 226 S.W. 499, 503 (Tex.Civ.App.1920, no writ); *Denison Bank & Trust Co. v. People's Guaranty State Bank of Tyler*, 218 S.W. 561, 562 (Tex.Civ.App.1919, no writ); *West Texas Nat. Bank v. Wichita Mill & Elevator Co.*, 194 S.W. 835, 838 (Tex.Civ.App.1917, no writ); *Smith v. Merchants' & Planters' Nat. Bank*, 40 S.W. 1038, 1040 (Tex.Civ. App.1897, no writ). If the garnishor's proof fails, he can of course recover nothing. Should another person intervene and claim ownership of any of the funds held by the garnishee, he gains nothing by the garnishor's failure; the issue of ownership simply remains in doubt. To recover the funds as his own, the intervenor must allege and the proof must show affirmatively that *he* owns the funds. *Smith v. Briggs*, 168 S.W.2d 528, 531 (Tex.Civ.App.1943, writ ref'd w.o.m.). If the proof fails also to show that proposition, the intervenor may not recover the funds either.

We turn then to the application of these rules in the present case.

■ American's answer explicitly declared that it held $15,000.00 belonging to Muñoz, which American owed him for the release of his claims and causes of action

against American. The answer averred, however, that Putman had or claimed an unspecified interest in the $15,000.00. Capitol cannot pick and choose from among the various parts of American's answer, especially when Capitol declined to controvert or make exception to any aspect of that answer as it might have done. That is to say, Capitol may not contend that American's admission to holding $15,000.00 belonging to Muñoz created a *prima facie* case of ownership in Muñoz, when the same answer explicitly stated that Putman had or claimed an interest in the $15,-000.00.

Because American's answer as a whole put in doubt Muñoz' ownership, the burden fell upon Capitol to prove that Muñoz did indeed own all or some part of the $15,-000.00. But Capitol failed entirely to adduce any evidence regarding ownership of the $15,000.00; and, as discussed below, Putman's evidence did not show Muñoz' ownership of the entire $15,000.00. Consequently, Capitol may not recover the $15,-000.00 as being the property of Muñoz which is subject to the payment of his debts. The trial court erred in its determinations to the contrary, as these are set out in the court's finding of fact number six and conclusion of law number four.

■ Unlike Capitol, Putman *attempted* to prove what was required by its pleading in intervention—that Putman owned $6,000.00 of the $15,000.00 held by American. In our view, however, Putman failed as a matter of law to establish any factual propositions from which its ownership of the $6,000.00 might be deduced. Putman's evidence, for example, does not show what it argued on submission of the case—that "AWOT" is in fact related to American in such a way that the $15,000.00 held by the latter came within the scope of Putman's contract with Muñoz.

■ As a result of the failures of proof mentioned above, neither Capitol nor Putman established what was required in order to recover all or a part of the $15,-000.00. The ownership of the funds remains unresolved. We conclude from the record that the evidence was not fully de-veloped because the case was tried on the wrong theory as to where the respective burdens of proof lay under the statements contained in American's answer, and that the interests of justice require a new trial. *Williams v. Safety Casualty Co.*, 129 Tex. 184, 102 S.W.2d 178, 179 (1937).

We therefore reverse the judgment below, and remand the cause for a new trial.

Reversed and Remanded.