**Reversed and Remanded and Opinion filed August 5, 2014.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔒𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

## NO. 14-13-00729-CV

---

**REGENIA BECHEM, Appellant**

**V.**

**RELIANT ENERGY RETAIL SERVICES, LLC AND COMERICA BANK, Appellees**

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1010550-801**

---

## OPINION

This appeal arises from a garnishment action in which the debtor answered, but failed to appear, and no record was taken at trial. The debtor presents a single question for review, challenging whether the evidence is legally sufficient to support the trial court's judgment. In resolving this question, we must also consider another important issue: whether the trial court could forgo a trial on the merits and enter an agreed judgment between just the garnishor and garnishee. We conclude

that the debtor was entitled to a trial on the merits, and that the trial court's agreed judgment is more appropriately construed as a post-answer default judgment. Because there is no reporter's record of the post-answer default proceedings, we reverse the trial court's judgment and remand the case for additional proceedings consistent with this opinion.

## BACKGROUND

Reliant Energy Retail Services, LLC, the garnishor in this action, obtained a money judgment against its debtor, Regenia Bechem. Reliant applied for a post-judgment writ of garnishment to be served on the garnishee, Comerica Bank. After the trial court issued the writ, the Bank answered that it held two deposit accounts associated with Regenia's name. The first account was a checking account that Regenia jointly owned with her mother, Hazel. The second account was a custodial account that Regenia held on behalf of her daughter. The Bank asserted that the custodial account might be exempt from seizure because Regenia was not its beneficial owner. Reliant agreed with that assessment and released any claim to the custodial account.

Regenia filed an original answer and a motion to dissolve the writ, asserting that her joint account was exempt from seizure under Section 42.001 of the Texas Property Code. In a supplemental answer, Regenia asserted that the account qualified for another exemption because it was a "convenience account"[1] established for the benefit of Hazel. In the latter pleading, Regenia mistakenly referred to Hazel as her daughter instead of her mother.

---

[1] A convenience account is an account established at a financial institution with one or more depositors and one or more convenience signers. *See* Tex. Estates Code § 113.004. A convenience signer does not own the account and has no right of survivorship, but she may draw upon it for the benefit of a depositor. *Id.* §§ 113.105, 113.154.

Reliant responded that the account was not exempt under either theory asserted. As for the Property Code theory, Reliant explained that Section 42.001 applied only to an enumerated list of items, and deposit accounts were not included among them. As for the other theory, Reliant asserted that the account was not exempt as a minor's account because Hazel was not a minor. Reliant attached a signature card associated with the account, which identified the birthdates of both Regenia and Hazel, but not their relationship. Citing Hazel's earlier birth, Reliant asserted that the account could not be a minor's account because Hazel was older than Regenia, and therefore, not her daughter. Reliant did not specifically address the claim that the account might still be a convenience account or that Hazel was its beneficial owner.

The trial court set the case for a nonjury trial, but when the date of trial arrived, only Reliant and the Bank appeared. Regenia did not personally attend the proceedings, nor did her attorney. Although no transcript was prepared, court records indicate that Reliant and the Bank announced a settlement and requested entry of judgment.

Regenia filed a timely objection to entry of the settlement and moved the court to retain the case on its docket. Regenia's attorney argued that an agreed judgment was improper because Regenia did not consent to the settlement. The attorney also explained that he had missed the trial setting because he had been out of state the day before trial, and his flight to Texas had been cancelled through no fault of his own.

The trial court called for briefing on the motion. Regenia argued in her brief that a new trial should be granted because Reliant was required to submit evidence on the relative ownership of the joint account. In its response brief, Reliant argued that Regenia was not entitled to a trial because she never controverted the Bank's

3

answer. Reliant reiterated its previous argument that the account was not exempt under the Property Code. In a new point, Reliant also asserted that the account was not exempt as a convenience account because the signature card did not reflect that special designation.

The trial court entered the agreed judgment between Reliant and the Bank. A docket sheet indicates that the court overruled Regenia's objection to settlement in a separate order not included in our record. The trial court also entered findings of fact and conclusions of law. Among the findings and conclusions, the court determined that the deposit account was "not exempt as a minor account and/or for convenience." The court also determined that Reliant had proved its grounds for issuance of the writ because it specifically established that it had a valid, subsisting judgment and that, within Reliant's knowledge, Regenia did not possess property in the state subject to execution sufficient to satisfy the judgment. The court did not find whether or to what extent Regenia owned an equitable interest in the joint account.

## ISSUES PRESENTED

Regenia argues on appeal that "there is no evidence in the appellate record to sustain the judgment." The Bank raises a separate issue, claiming that it is entitled to its attorney's fees regardless of the outcome of this appeal. Reliant has not filed a brief.

## ANALYSIS

### I. Governing Law

Before we determine the applicable standard of review, we first discuss the fundamentals of garnishment. The purpose of a garnishment action is to apply the property, money, or credits of a debtor in the possession of another to the payment

4

of a debt. *See Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992) (per curiam). This court has previously said that the garnishor, or plaintiff in garnishment, is subrogated to the rights of a debtor against the garnishee, who is alleged to have possession of the debtor's property. *See Rome Indus., Inc. v. Intsel Sw.*, 683 S.W.2d 777, 779 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Stated another way, the garnishor steps into the shoes of the debtor and may enforce against the garnishee whatever rights the debtor could have enforced had the debtor sued the garnishee directly. *See San Felipe Nat'l Bank v. Caton*, 668 S.W.2d 804, 805 (Tex. App.—Houston [14th Dist.] 1984, no writ).

The primary question in a garnishment proceeding is whether the garnishee is indebted to the debtor, and this often requires a determination of the title or ownership of the property held by the garnishee. *See Thompson v. Fulton Bag & Cotton Mills*, 155 Tex. 365, 371, 286 S.W.2d 411, 414 (1956). Normally, funds placed with a bank become general deposits, which create a debtor-creditor relationship between the bank and its depositor. *See Citizens Nat'l Bank of Dallas v. Hill*, 505 S.W.2d 246, 248 (Tex. 1974). However, a garnishee bank does not become indebted to a depositor unless some form of deposit agreement creates that relationship. *See Art & Frame Direct, Inc. v. Dallas Market Ctr. Operating, L.P.*, 380 S.W.3d 325, 329 (Tex. App.—Dallas 2012, no pet.). Furthermore, a garnishor may only reach a bank deposit if the debtor is the true owner of the deposit. *See Silsbee State Bank v. French Market Grocery Co.*, 103 Tex. 629, 631, 132 S.W. 465, 466 (1910).

In many cases, a garnishee will respond to a writ of garnishment by answering that it actually holds funds belonging to the debtor. An answer of that kind establishes prima facie proof that the debtor owns the funds, and without

further evidence the garnishee may have those funds applied to pay the debt owed by the debtor. *See* Tex. R. Civ. P. 668; *Putnam & Putnam, Inc. v. Capitol Warehouse, Inc.*, 775 S.W.2d 460, 463 (Tex. App.—Austin 1989, writ denied). A debtor may controvert the garnishee's answer, however, or a third party may intervene claiming an interest in the garnished property. *See* Tex. R. Civ. P. 664a; Tex. R. Civ. P. 673; *RepublicBank Dallas v. Nat'l Bank of Daingerfield*, 705 S.W.2d 310, 311 (Tex. App.—Texarkana 1986, no writ). When a dispute arises concerning title or ownership of the garnished property, the probative force of the garnishee's answer is destroyed, and the issue must be "tried as in other cases." *See* Tex. R. Civ. P. 674.

Sometimes, the garnishee's answer may raise doubts about who actually owns the property held by the garnishee. *See Putnam*, 775 S.W.2d at 463. An answer of that kind is sufficient by itself to put in issue the debtor's ownership. *Id.* In such cases, the garnishee's answer does not constitute prima facie proof of ownership, and the burden shifts to the garnishor to establish affirmatively that the debtor owns the garnished property. *Id.*

## II.  An issue was formed in this case, requiring Reliant to adduce evidence of ownership.

The threshold question in this case is whether an issue was ever formed regarding Regenia's ownership of the bank account. If no issue was formed and the Bank's answer did not raise any doubts as to actual ownership, then Reliant would be entitled to judgment on the pleadings. *See* Tex. R. Civ. P. 668 ("Should it appear from the answer of the garnishee . . . that the garnishee is indebted to the defendant in any amount, . . . the court shall render judgment for the plaintiff against the garnishee . . . ."). That procedural posture would also mean that we would affirm the trial court's judgment because no trial, or trial record, would have

been necessary. After considering the answers from both Regenia and the Bank, we hold that an issue was formed.

## A.    Regenia's Answer

Regenia asserted in her original answer that her bank account was exempt from seizure under Section 42.001 of the Texas Property Code. This answer raised a legal question, not a fact question as to actual ownership.

Section 42.001 provides that a debtor's personal property is exempt from garnishment if the property has an aggregate fair market value of not more than $60,000 if the property is provided for a family, or $30,000 if the property is owned by a single adult. To qualify for the exemption, the property must also be personal property "as described in Section 42.002." *See* Tex. Prop. Code § 42.001(a).

Section 42.002 enumerates eleven specific items that are exempt from seizure: (1) home furnishings; (2) provisions for consumption; (3) farming or ranching vehicles and implements; (4) tools, equipment, and other items used in a trade or profession; (5) wearing apparel; (6) jewelry, up to a certain proportional limit; (7) two firearms; (8) athletic and sporting equipment; (9) certain motor vehicles; (10) certain farm animals; and (11) household pets. Bank accounts are not expressly included in this list. Therefore, we hold that Regenia's bank account would not qualify for the personal property exemption under Section 42.001. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) (terms omitted from a statute are presumed to have been excluded for a purpose).

In her supplemental answer, Regenia asserted that the bank account was a convenience account established for the benefit of Hazel. Unlike her original

pleading, this answer put the question of ownership squarely before the court. If Regenia was just a convenience signer, she would have no ownership interest in the account, and the funds would not be subject to garnishment. *See* Tex. Prob. Code § 438A.[2] Regenia's answer accordingly demanded a trial on the merits. *See* Tex. R. Civ. P. 674.

## B.    The Bank's Answer

Even if Regenia's answer were somehow deficient, we would still conclude that the Bank's answer formed a separate issue in the case. The Bank answered the writ of garnishment by verifying that it held a deposit account "in the name of Regenia Bechem and Hazel Bechem." As joint owners, both Regenia and Hazel had unlimited powers of withdrawal, but a creditor could not assume, based on those powers alone, that either party was the true owner of all funds contained in the account.

The relative ownership of a joint account is determined by a specific statutory formula. In creditors' actions, "a joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." *See* Tex. Prob. Code §§ 437, 438(a). A party's net contribution is "the sum of all deposits made to that account by or for him, less all withdrawals made by or for him which have not been paid to or applied to the use of any other party, plus a pro rata share of any interest or dividends included in the current balance." *Id.* § 436(6).

---

[2] The Texas Probate Code has since been replaced by the Texas Estates Code. We cite to the Probate Code here because that was the law in effect at the time of the trial court's judgment. *See* Act approved June 19, 2009, 81st Leg., R.S., §§ 10, 12, 2009 Tex. Gen. Laws 1512, 1731–32 (repealing the Probate Code, effective January 1, 2014).

The Bank did not provide any additional information in its answer beyond the assertion that Regenia and Hazel have legal title to the same joint account. This answer raises the possibility that Hazel has an equitable interest in the account, which cannot be seized in garnishment for the satisfaction of Regenia's debts. *See RepublicBank*, 705 S.W.2d at 312 (garnishor could not seize any funds in a multiple-party account where the debtor had only bare legal title to the account and the debtor's parents had full equitable title); *Sw. Bank & Trust Co. v. Calmark Asset Mgmt., Inc.*, 694 S.W.2d 199, 200–01 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) (garnishee was liable for releasing funds in an account when the garnishee knew the debtor held the account in trust for another); *accord Enright v. Lehmann*, 735 N.W.2d 326, 335–36 (Minn. 2007) ("[F]unds in a joint account are not, simply by virtue of the power of withdrawal provided in the account contract, attachable by garnishment to satisfy the debt of a party who did not contribute the funds.").[3] We accordingly conclude that the Bank's answer formed an issue regarding ownership of the account funds, thereby requiring a trial on the merits. *Cf. Putnam*, 775 S.W.2d at 462, 464 (garnishor was required to adduce evidence of ownership after garnishee answered that it was indebted to the debtor but that a third party "has or claims an interest" in the garnished property).

## III.    The judgment cannot be supported without a reporter's record.

Having determined that Regenia was entitled to a trial in this case, we reject the trial court's characterization of the judgment as an "agreed judgment." Regenia was not present at the time the settlement was announced, and she objected to the trial court's entry of the judgment. Given Regenia's absence on the date of trial, the judgment is more appropriately construed as a post-answer default judgment.

---

[3] The *Enright* case was decided under a Minnesota statute that defined a joint account with exactly the same wording as section 438(a) of the Texas Probate Code. *See* Minn. Stat. § 524.6-203(a).

*See Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995) (an agreed judgment is not valid absent consent at the time it is rendered); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983) (same).

A post-answer default judgment occurs when a defendant answers but fails to appear at trial. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). The failure to appear is considered neither an abandonment of the defendant's answer nor an implied confession of any issues. *Id.* A post-answer default judgment cannot be rendered on the pleadings alone. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). The plaintiff must still offer evidence and prove its case. *Id.* If the plaintiff offers evidence in the absence of the defendant or her attorney, the failure to have the court reporter present to make a record constitutes reversible error. *See In re One Man's Rolex Yellow Gold*, 223 S.W.3d 451, 452 (Tex. App.—Amarillo 2006, no pet.); *Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.). This error is not harmless because, without a reporter's record, the reviewing court is unable to determine if sufficient evidence was submitted to support the judgment. *See Chase Bank of Tex., N.A. v. Harris Cnty. Water Control & Improvement Dist. No. 109*, 36 S.W.3d 654, 655–56 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Carstar Collision, Inc. v. Mercury Fin. Co.*, 23 S.W.3d 368, 370 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

Here, there is no reporter's record of the post-answer default proceedings indicating whether the trial court impermissibly entered judgment on the pleadings or upon sufficient evidence submitted at trial. In the absence of a reporter's record, the trial court's judgment must be reversed and remanded for a new trial. *See Sharif*, 135 S.W.3d at 873.

**IV.    The Bank is not entitled to its attorney's fees.**

The trial court granted the Bank an award of attorney's fees, which were to be funded from the money frozen in the garnished account. The Bank argues on appeal that it is entitled to these fees even if the trial court's judgment is reversed. We disagree.

The rules provide that if the garnishee's answer is contested, then the garnishee's recovery of costs "shall abide the issue of such contest." *See* Tex. R. Civ. P. 677; *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 710 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (noting that costs under Rule 677 have routinely been construed as including attorney's fees). Regenia contested her ownership interest in her own answer. The Bank, as garnishee in this action, also created an issue of ownership when it answered that it held an account jointly owned by Regenia and her mother. Because Reliant did not prove Regenia's equitable ownership in the account, there is no basis for awarding the Bank any portion of the account funds, which may actually belong to Hazel. The trial court can reconsider the question of attorney's fees when the case is remanded for trial.

## CONCLUSION

The trial court's judgment is reversed and the case is remanded for additional proceedings consistent with this opinion.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Jamison, and McCally.

11