**Douglas T. AYCOCK and Imedla Aycock, Appellants,**

v.

**EECU f/k/a Educational Employees Credit Union, Appellee.**

**No. 08-15-00217-CV**

Court of Appeals of Texas,
El Paso.

August 12, 2016

John Nation, Nation Law Firm, Dallas, TX, for Appellants.

Robert Alan Woodcock, Blalack & Williams PC, Dallas, TX, for Appellee.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

Appellants Douglas and Imelda Aycock appeal the trial court's summary judgment granting alleged creditor EECU the right to garnish certain funds held by JP Morgan Chase Bank. In one issue, the Aycocks maintain summary judgment was improper because they raised a legitimate title issue with respect to ownership of funds in a particular Chase Bank account EECU sought to garnish.

We will reverse and remand.

## BACKGROUND

EECU obtained a final judgment against Douglas and Imelda Aycock for $17,869.51, plus $3,500.00 in attorney's fees. EECU then brought a garnishment action against JP Morgan Chase Bank (the Bank). The Bank answered that Douglas and Imelda Aycock, jointly and severally, had a deposit account at the bank worth $13,623.21 (the Chase Account).

EECU moved for hybrid summary judgment, arguing in part that under TEX. R. CIV. P. 668, it was entitled to judgment

based on the Bank's answer. In response to the motion for summary judgment, Douglas and Imelda Aycock amended their answer. They also filed a response to the motion for summary judgment, and Douglas submitted an affidavit averring that the Chase Account was owned not only by him and Imelda, but their daughter Julia as well. Douglas Aycock stated that Julia was a college student and that the Chase Account was an account designated for her use to pay college expenses. He further testified that the Chase Account contained commingled funds from Julia's college loans and Douglas' military benefits, with 80 percent of the account's funds constituting Julia's separate property. Attached to the affidavit were copies of bank statements listing the holders of the account as "DOUGLAS T AYCOCK OR IMELDA O AYCOCK OR JULIA O AYCOCK." The statements also list various highlighted deposits.

The trial court granted traditional summary judgment in favor of EECU and ordered the Bank to disperse all funds contained in the Chase Account to EECU.

Douglas and Imelda Aycock appealed.

## DISCUSSION

"Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt." *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992). "The garnishee is a third party who owes a debt to or holds property of the debtor. The plaintiff or garnishor is a creditor of the debtor and requests the court to issue the writ of garnishment to the garnishee." *Tenet Health Sys. Hosps. Dallas, Inc. v. N. Tex. Hosp. Physicians Grp., P.A.*, 438 S.W.3d 190, 197 (Tex.App.–Dallas 2014, no pet.). "It has long been recognized in this state that the remedy of garnish-

ment is summary and harsh, and should not be sustained unless there is strict compliance with the statutory requirements." *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 725 (Tex.App.–Dallas 2005, orig. proceeding).

Ordinarily, garnishment decisions are made in streamlined proceedings in which the trial court looks at a garnishee's answer to determine whether that garnishee holds a debtor's assets. If so, the garnishor is entitled to a judgment dispersing those debtor funds. TEX. R. CIV. P. 668. However, "[w]hen a dispute arises concerning title or ownership of the garnished property, the probative force of the garnishee's answer is destroyed, and the issue must be 'tried as in other cases.'" *Bechem v. Reliant Energy Retail Servs., L.L.C.*, 441 S.W.3d 839, 844 (Tex.App.–Houston [14th Dist.] 2014, no pet.)(citing TEX. R. CIV. P. 674).

In this case, EECU complains that judgment was properly entered on the pleadings because the Bank's answer does not raise a fact issue on account ownership. Specifically, EECU contends that even if the Aycocks had a joint Chase account with their daughter, the Bank in its answer never specified that Douglas and Imelda Aycock's deposits with the Bank were in the specific account they shared with their daughter Julia; thus, there is no evidence to suggest anyone else but Douglas and Imelda had an interest in money held by the Bank. Because the answer raised no legitimate question as to who held title to those funds, in its eyes, EECU should have been entitled to judgment.

EECU's argument that the form of the garnishee's answer absolutely entitles a garnishor plaintiff to judgment is belied by other provisions of the Rules of Civil Procedure allowing a party to challenge the veracity of a garnishee's answer. EECU is

correct that TEX. R. CIV. P. 668 requires the trial court to render judgment against the garnishee "[s]hould it appear from the answer of the garnishee ... that the garnishee is indebted to the defendant in any amount ...." However, TEX. R. CIV. P. 673 allows either a plaintiff or a defendant to file a "traverse" that contravenes a garnishee's answer. Where a party files a traverse and the garnishee is domiciled in the county where the action is brought, the prima facie case for a writ of garnishment has been contravened, and "an issue shall be formed under the direction of the court and tried as in other cases." TEX. R. CIV. P. 674.

EECU acknowledges the Rules' traverse provisions, but it asserts that the trial court could have properly granted judgment on the pleadings despite the Aycocks' protestations over actual ownership of the funds because the Aycocks' answer was not verified; as such, the Aycocks did not properly traverse the Bank's answer. We disagree. Rule 673 does not require the defendant to file a verified answer in order to traverse the garnishee's answer. Rather, Rule 673 states that a defendant may controvert a garnishee's answer by filing an "*affidavit* stating that he has good reason to believe, and does believe, that the answer of the garnishee is incorrect, stating in what particular he believes the same to be incorrect." [Emphasis added]. TEX. R. CIV. P. 673. The Aycocks complied with Rule 673 by submitting Douglas' affidavit with their summary judgment motion. As such, granting a default-type judgment on the pleadings would be improper. This issue must be "tried as in other cases." Because the judgment here is a grant of traditional summary judgment, we must use the summary judgment standard to determine if, based on the record presented, EECU could establish that Douglas and Imelda were sole owners of the Chase Account as a matter of law.

We review a traditional summary judgment *de novo. Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 805 (Tex.App.–Dallas 2008, pet. denied). To obtain summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We consider the evidence in the light most favorable to the nonmovant and resolve all doubts in the nonmovant's favor. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005). Here, the Aycocks survive under both the traditional summary judgment standard by providing an affidavit and bank records that raise a genuine issue of material fact on fund ownership. In short, the Aycocks properly traversed the Bank's answer and offered some evidence that they may not hold all the funds at issue in the Chase Account. This issue must be tried and cannot be disposed of summarily. Issue One is sustained.

## CONCLUSION

Because the Aycocks properly traversed the Bank's answer and raised a genuine issue of material fact as to fund ownership, summary judgment in this case was improper. The judgment of the trial court is reversed and we remand for further proceedings.