Opinion issued March 14, 2017



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00189-CV

_____

**REGENIA BECHEM, Appellant**

**V.**

**RELIANT ENERGY RETAIL SERVICES, LLC AND COMERICA BANK,
Appellees**

---

**On Appeal from the County Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1071269**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's dismissal of appellant Regenia Bechem's bill of review for failure to diligently prosecute. Because we conclude that the trial court abused its discretion by dismissing Bechem's case that had been pending less than three months, we reverse and remand for further proceedings.

## A. Prior Litigation and Appeal

In a prior suit, appellee Reliant Energy Retail Services obtained a money judgment against Bechem.

Reliant later filed an Application for Writ of Garnishment seeking a post-judgment writ of garnishment directed at Bechem's bank, appellee Comerica Bank. The trial court issued the writ, and Comerica filed an answer stating that it had two deposit accounts associated with Bechem's name: (1) a joint checking account held by Bechem and her mother, and (2) a custodial account Bechem held on behalf of her daughter. The Bank's answer asserted that the custodial account might be exempt from seizure because Bechem was not the beneficial owner. Reliant agreed and released any claim to that account.

Bechem filed an Original Answer and Motion to Dissolve the Writ claiming that the joint account was also exempt from seizure because (1) it was exempt personal property, and (2) it was a "convenience" account established for the benefit of her mother.

Bechem did not appear at trial, but Reliant and Comerica did. Reliant and Comerica announced a settlement had been reached between them and requested entry of judgment. The trial court entered a judgment awarding funds from Bechem's joint account to Reliant in satisfaction of its judgment and to Comerica

for its attorneys' fees.  Bechem filed an objection to the settlement and a motion for new trial, which the trial court denied.

The Fourteenth Court of Appeals reversed.  *Bechem v. Reliant Energy Retail Servs.*, 441 S.W.3d 839 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  It rejected the trial court's characterization of the judgment as "agreed" since Bechem did not agree to the settlement—only Reliant and Comerica did.  *Id*. at 845–46.  The court of appeals explained that the judgment was instead properly characterized as a post-answer default judgment.  *Id*. at 846.  Because no record was taken of trial, the court of appeals could not evaluate whether evidence supported the default judgment.  *Id*.  Accordingly, it reversed the judgment and remanded to the trial court.  *Id*.

On remand, the trial court set a January 12, 2015 trial date.  At the agreed request of the parties, the trial court continued that setting.  Trial was reset for, and held on, March 30, 2015.

On August 14, 2015, the trial court entered judgment in Bechem's favor, dissolved the writ of garnishment and released Comerica as garnishee.  The court denied, however, Bechem's request to recover her attorneys' fees.

## B. The Underlying Proceeding

On December 11, 2015, Bechem filed the underlying bill of review contending that the parties did not receive notice of the August 14, 2015 judgment

3

until November 25, 2015. It was supported by a sworn affidavit from her attorney, who alleged that "as a result of not being given official notice that the judgment had been signed, the timetables and deadlines contained in Tex. R. Civ. P. 306a(4) and 329b have expired, and the only relief available to the Judgment Defendant-Petition is through a Bill of Review." Finally, he contended the bill of review was filed promptly after receiving notice, and that Bechem "has a meritorious defense that she was not given an opportunity to challenge this Court refusal to award attorney's fees for the successful prosecution of her previous appeal."

On December 18, 2015—7 days after Bechem filed this suit—the trial court issued a Notice of Disposition Deadline and Notice of Intent to Dismiss. That notice stated that the "case will be DISMISSED FOR WANT OF PROSECUTION" on February 22, 2016, without further notice, "if the parties have not set and had the matter heard before that date."

On December 22, 2015, Bechem filed a Request for the Court to Vacate its Notice of Disposition Deadline and Notice of Intent to Dismiss. It in, she argued that, because a bill of review is a new and independent lawsuit, all rules of procedure and evidence apply. Thus, she contended, the court was "required to issue a Docket Control Order which comports with the applicable mandates of the Texas Rules of Civil Procedure, the Texas Rules of Judicial Administration and the applicable case law." Reliant responded that because Bechem did not present

4

prima facie proof to support her claim, she was not entitled to a trial on her bill of review.

On January 3, 2016, Bechem filed a traditional motion for summary judgment, requesting that the trial court grant her bill of review and reset the appellate timetable to appeal the trial court's August 14, 2015 judgment in the prior case. On January 29, 2016, the trial court denied Bechem's summary-judgment motion.

On February 22, 2016, the trial court dismissed the underlying case for want of prosecution. Bechem appealed.

## ISSUES ON APPEAL

Bechem raises two issues:

(1) "The trial court erred in prematurely dismissing the Appellant's cause of action."
(2) "The trial court erred by denying the Appellant's Motion for Summary Judgment."

Neither Reliant nor Comerica filed an appellee's brief.

## SUMMARY JUDGMENT

In her second issue, Bechem contends that that her summary-judgment motion established a right to relief on her bill of review as a matter of law. Accordingly, she requests this Court reverse the trial court's order denying her motion for summary judgment and order the trial court to grant her bill of review.

"[T]he denial of a motion for summary judgment is an interlocutory order that, with a few exceptions, is not appealable." *Mitchell v. Mitchell*, 445 S.W.3d 790, 801 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *United Parcel Serv., Inc. v. Tasdemiroglu*, 25 S.W.3d 914, 916 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Because no such exception applies here, we overrule Bechem's second issue.

## DISMISSAL FOR WANT OF PROSECUTION

A trial court's ruling on a motion to dismiss is reviewed for abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Wright v. Tex. Dep't of Criminal Justice-Institutional Div.*, 137 S.W.3d 693, 696 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial pursuant to TEX. R. CIV. P. 165a(1); (2) when the case has not been disposed of within the supreme court's time standards pursuant to TEX. R. CIV. P. 165a(2); and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due

diligence. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

When, as here, the record does not contain findings of fact or conclusions of law and the order of dismissal does not specify the reason for dismissal, we affirm if dismissal was proper under any proper theory supported by the record. *Garcia v. Mireles*, 14 S.W.3d 839, 842 (Tex. App.—Amarillo 2000, no pet.). There is no indication in the record that Bechem failed to appear for a hearing or trial. Thus, we must determine if the trial court's dismissal is supported by two other grounds, i.e., (1) the failure to dispose of the case within the supreme court's promulgated time standards or (2) the failure to prosecute the case with diligence.

### A. Texas Supreme Court Time Standards

Texas Rule of Civil Procedure 165a(2) provides that a court may place a case on the dismissal docket if the case is not disposed of within the time standards promulgated by the Texas Supreme Court. These standards in turn provide that jury cases should be resolved within "18 months from appearance date," and non-jury cases "within 12 months from appearance date." TEX. R. JUD. ADMIN. 6.1(b). Because the underlying case was dismissed less than three months after it was filed, its dismissal cannot be affirmed under Rule 165a(2).

7

**B. Trial Court's Inherent Power**

A trial court may also exercise its inherent powers to dismiss when a case has not been prosecuted with due diligence. S*ee Villarreal*, 994 S.W.2d at 630. Diligence is generally a question of fact. *See MacGregor*, 941 S.W.2d at 75–76. In resolving this question, the trial court may consider the entire history of the case. *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 97 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Traditional factors to consider are (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuse for delay. *Henderson v. Blalock*, 465 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Here, the case was on file for 2 months and 11 days between Bechem's filing and the trial court's dismissal. That period is significantly less than the 18 months provided for in the Local Rules of the Harris County Civil Courts at Law.[1] While the case was pending, Bechem filed both a request for the trial court to

---

[1]    Rule 3.6 Dismissal Dockets.

The following cases are eligible for dismissal for want of prosecution pursuant to T.R.C.P. 165a:

1) Cases on file for more than 180 days in which no answer has been filed or is required by law;

2) Cases which have been on file for more than eighteen months and are not set for trial;

3) Cases in which a party or his attorney has failed to take any action specified by the court.

vacate its notice of disposition and a traditional motion for summary judgment. The record does not reflect whether Bechem requested a trial date, but her summary-judgment motion—which she argued should result in a final judgment in her favor—was submitted and denied 24 days before the dismissal. And Bechem explained in her request for the trial court to vacate its notice of disposition that both sides needed time for discovery.

We agree with Bechem that the trial court abused its discretion by dismissing her case for want of prosecution. Although the trial court has significant discretion to manage its docket, this record does not support a finding of lack of diligent prosecution.

We affirm Bechem's first issue.

## CONCLUSION

We reverse the trial court's order dismissing the case for want of prosecution and remand for further proceedings.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

9