Opinion issued August 29, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00878-CV

———————————

**REGENIA BECHEM, Appellant**

**V.**

**RELIANT ENERGY RETAIL SERVICES, LLC AND COMERICA BANK,
Appellees**

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1071269**

---

## MEMORANDUM OPINION ON REHEARING

Appellant, Regenia Bechem, filed a petition for bill of review, asserting that

she did not receive notice of the trial court's final judgment, entered after a bench

trial, and seeking to restart the appellate timelines.[1]  She also filed a motion for summary judgment, asserting that she established the elements of her bill of review as a matter of law.  In two issues on appeal, Bechem contended that the trial court erred in denying her motion for summary judgment and dismissing her bill of review.

On June 20, 2019, we issued our memorandum opinion and judgment affirming the trial court's judgment.  Bechem has filed a motion for en banc reconsideration.  *See* TEX. R. APP. P. 49.7.  Treating the en banc motion as a request for panel rehearing,[2] we deny rehearing but withdraw our opinion of June 20, 2019, vacate our judgment of the same date, and substitute this opinion and judgment in their stead.  Appellant's motion for en banc reconsideration of our prior opinion is moot.[3]

We affirm.

---

[1]    *See* TEX. R. CIV. P. 306a.

[2]    *See Wooters v. Unitech Int'l, Inc.*, 513 S.W.3d 754, 757 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (treating en banc motion as request for panel rehearing, vacating original opinion and judgment, issuing new opinion and judgment in their stead, and dismissing motion for en banc reconsideration as moot); *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 368 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (treating motion for en banc reconsideration as motion for rehearing and dismissing motion for en banc reconsideration as moot).

[3]    *See Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 33 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *see also In re Wagner*, 560 S.W.3d 309, 312 (Tex. App. Houston [1st Dist.] 2017, orig. proceeding [mand. denied]); *Richardson–Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 472 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

## Background

In a prior suit, appellee Reliant Energy Retail Services, LLC ("Reliant") obtained a money judgment against Bechem. *Bechem v. Reliant Energy Retail Servs., LLC*, No. 01-16-00189-CV, 2017 WL 976069, at *1 (Tex. App.—Houston [1st Dist.] Mar. 14, 2017, pet. denied) (mem. op.). Reliant filed an application for a post-judgment writ of garnishment directed at Bechem's bank, appellee Comerica Bank, which the trial court granted. *Id.* Comerica answered and identified a joint checking account that Bechem held with her mother. *Id.* Bechem moved to dissolve the writ, asserting that the account was exempt from seizure because it constituted exempt personal property and a "convenience" account established for the benefit of her mother. *Id.* Subsequently, Bechem did not appear at the hearing. *Id.* Reliant and Comerica appeared, announced that they had reached a settlement between them, and requested entry of judgment. *Id.* The trial court entered a judgment awarding Reliant certain funds from Bechem's joint account in satisfaction of its judgment and awarding Comerica its attorney's fees. *Id.*

On appeal, the court rejected the trial court's characterization of the judgment as "agreed" because only Reliant and Comerica, and not Bechem, had so agreed. *Bechem v. Reliant Energy Retail Servs., LLC*, 441 S.W.3d 839, 845–46 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Rather, the court characterized the judgment as a post-answer default judgment. *Id*. at 846. And, because no record was taken of

3

the trial, and thus it could not evaluate whether the evidence supported the judgment, the court of appeals reversed and remanded for further proceedings. *Id.*

On August 14, 2015, after a bench trial, the trial court entered judgment in Bechem's favor, dissolved the writ of garnishment, and released Comerica as garnishee. *Bechem*, 2017 WL 976069, at *1. However, the trial court denied Bechem's request for an award of appellate attorney's fees, which she based on having prevailed on her appeal to the Fourteenth Court of Appeals. *Id.*

On December 14, 2015, Bechem filed the underlying petition for bill of review, asserting that she did not receive notice of the trial court's August 14, 2015 judgment until November 25, 2015. *Id.* Bechem asserted that the delay deprived her of an opportunity to appeal the trial court's denial of her request for appellate attorney's fees. *Id.* Seven days later, on December 18, 2015, the trial court issued a Notice of Disposition Deadline and Notice of Intent to Dismiss, stating that the bill-of-review proceeding would be dismissed for want of prosecution on February 22, 2016, without further notice, if the matter were not set and heard before that date. *Id.* at *2. Bechem asked the trial court to retain the case, arguing that, because a bill of review is a new and independent lawsuit, all rules of procedure and evidence apply. *Id.* She asserted that both sides needed time for discovery and that the trial court was required to issue a docket control order. *Id.* at *2–3.

4

On January 4, 2016, Bechem filed a motion for summary judgment, asking the trial court to grant her bill of review and restart the appellate timelines. On January 29, 2016, the trial court denied Bechem's summary-judgment motion, finding that there existed a genuine issue of material fact. Subsequently, the trial court dismissed the case for want of prosecution. *Id.* at *2.

On appeal to this Court, Bechem contended that the trial court erred by "prematurely dismissing" her bill-of-review proceeding. *Id.* We noted that the record did not reflect that Bechem had failed to appear for a hearing or trial. *Id.* at *3. The record showed that the case had been on file for 2 months and 11 days, which was significantly less than the 18 months provided for in the applicable local rules. *Id.* Further, while the case was pending, Bechem had filed motions for summary judgment and to retain the case. *Id.* We held that the trial court erred in dismissing Bechem's bill-of-review proceeding for want of prosecution. *Id.* We reversed the trial court's dismissal and remanded the case for further proceedings. *Id.* We did not reach whether the trial court erred in denying Bechem's motion for summary judgment. *Id.* Our mandate issued on December 15, 2017.

On remand, the trial court, on June 25, 2018, issued a Notice of Disposition Deadline and Notice of Intent to Dismiss, stating that the disposition deadline for Bechem's bill-of-review proceeding was at 1:00 p.m. on August 27, 2018. The notice instructed: "If you have not set and had this matter heard before the

disposition deadline this case WILL BE DISMISSED FOR WANT OF PROSECUTION on [that] date without further notice. Hearing dates may be obtained from the court clerk at . . . ." In her response, Bechem asserted only that, on March 1, 2018, she had filed an Amended Notice of Submission regarding her previously filed motion for summary judgment and that the trial court had not yet ruled on her motion for summary judgment.

On September 5, 2018, the trial court dismissed the case for want of prosecution, finding that Bechem, although timely served with notice, had failed to appear on August 27, 2018. The trial court further found that it had previously, on January 29, 2016, issued an order denying Bechem's motion for summary judgment. And, Bechem had not filed any new or amended motions since that date and did not attach any motions to her Amended Notice of Submission. Thus, it concluded, no new motion for summary judgment had been properly submitted. On September 27, 2018, Bechem filed a notice of appeal.

**Dismissal**

In her first issue, Bechem again argues that the trial court erred by "prematurely dismissing" her bill-of-review proceeding without first issuing a docket control order and affording her time to complete discovery.

A trial court "has a duty to schedule its cases in such a manner as to expeditiously dispose of them. For this reason the court is given wide discretion in

6

managing its docket, and we will not interfere with the exercise of that discretion absent a showing of clear abuse." *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). A trial court has the authority to dismiss a suit for want of prosecution under: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority. *See* TEX. R. CIV. P. 165a; *see Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

As pertinent here, a trial court may dismiss a case pursuant to Rule 165a(1) based on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." *See Villarreal*, 994 S.W.2d at 630 (citing TEX. R. CIV. P. 165a(1)). Notice of the court's intention to dismiss and the date and place of the dismissal hearing must be sent by the clerk to each attorney of record and to each party not represented by counsel. TEX. R. CIV. P. 165a(1). At the dismissal hearing, the trial court "shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." *Id.*

Here, the trial court's order reflects that it expressly dismissed Bechem's suit for bill of review based on her failure to appear on August 27, 2018. It is undisputed that, on June 25, 2018, the trial court gave notice to Bechem's counsel of its intent to dismiss Bechem's suit at 1:00 p.m. on August 27, 2018. *See* TEX. R. CIV. P. 165a(1). In its notice, it instructed Bechem's counsel to call the trial court clerk to obtain a hearing date. Bechem does not challenge on appeal the adequacy of the

7

trial court's notice of its intent to dismiss her case. *See Gillis v. Harris Cty.*, 554 S.W.3d 188, 190 n.1 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("[B]ecause Gillis does not challenge the notice provided in this case, we offer no opinion regarding the sufficiency of that notice."); *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.) (noting that plaintiff did not challenge adequacy of notice). It is further undisputed that Bechem did not comply with the trial court's instruction and did not obtain another hearing date or appear in the trial court at 1:00 p.m. on August 27, 2018.

On September 5, 2018, the trial court issued an order reciting that the parties were afforded notice, finding that Bechem failed to appear, and dismissing the suit for want of prosecution. *See* TEX. R. CIV. P. 165a(1) (authorizing trial court to dismiss for want of prosecution after party fails to appear for hearing of which it had notice). Thus, the record supports the trial court's order. *See id.* (providing that trial court "shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket"); *Regent Care Ctr. at Med. Ctr. v. Hollis*, No. 04-16-00131-CV, 2017 WL 1337652, at *3 (Tex. App.—San Antonio Apr. 12, 2017, no pet.) (mem. op.) (holding that plaintiff's failure to appear for dismissal hearing supported trial court's dismissal for want of prosecution); *Fox*, 234 S.W.3d at 33 (holding that, because plaintiff did not attend dismissal hearing, he did not establish good cause for case to be maintained on docket).

Further, under the local rules governing the Harris County Civil Courts at Law, a case is eligible for dismissal for want of prosecution if a party or her attorney has failed to take "any action specified by the court." *See* Harris (Tex.) Cty. Civ. Ct. Loc. R. 3.6.

Moreover, the record does not reflect that Bechem filed a motion to reinstate her bill of review after it was dismissed. *See* TEX. R. CIV. P. 165a(3) (governing reinstatement); *Wright v. Tex. Dep't of Crim. Justice—Inst'l Div.*, 137 S.W.3d 693, 695 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that because appellant received notice of dismissal with ample time to file motion to reinstate, he could have brought his claims to attention of trial court and, having failed to do so, prevented opportunity for trial court to correct errors); *see also De La Cerda v. Jaramillo*, No. 01-17-00595-CV, 2018 WL 1189065, at \*6 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, no pet.) (mem. op.).

We hold that the trial court did not abuse its discretion in dismissing Bechem's bill-of-review proceeding for want of prosecution.

We overrule Bechem's first issue.

## Summary Judgment

In her second issue, Bechem argues that the trial court erred in denying her motion for summary judgment on her bill of review because she established the elements of her bill of review as a matter of law.

9

In *Ackermann v. Vordenbaum*, the trial court denied the plaintiff's motion for summary judgment and later dismissed the case on procedural grounds, i.e., the plaintiff's failure to amend her petition. 403 S.W.2d 362, 363 (Tex. 1966). The supreme court held that the trial court's denial of the plaintiff's stand–alone motion for summary judgment was not reviewable after the dismissal, explaining as follows:

> When both sides file motions for summary judgment, each litigant in support of his own motion necessarily takes the position that there is no genuine issue of fact in the case and that he is entitled to judgment as a matter of law. While it does not necessarily follow that when both sides file motions for summary judgment there is no genuine fact issue in the case, it does indicate that the legal controversy is one which generally turns upon an interpretation of some rule of law and both sides are prepared to present their respective contentions with reference thereto.
>
> However, when we have a case in which a motion for summary judgment is overruled and thereafter, []perhaps years thereafter, *the suit is removed from the trial court docket by dismissal* or a judgment following a conventional trial on the merits, a different situation is presented. In such instances a review of the overruled motion for summary judgment could result in judgments which would be patently unjust. . . .
>
> . . . .
>
> . . . . Many of the considerations militating against the review of a trial court's action overruling a motion for summary judgment after the case has been tried in a conventional manner before judge or jury *are also applicable when the final judgment appealed from is one of dismissal*. The safer rule is one restricting the [appeal from a denial of a motion for summary judgment] . . . to cases in which motions for summary judgment have been filed by all of the real parties at interest and the appeal is prosecuted from a judgment granting one or more of them.

*Id.* at 364–65 (emphasis added).

Thus, when a trial court denies a motion for summary judgment and subsequently dismisses the case, as here, the order denying the motion for summary judgment is not reviewable on appeal. *See id.*; *see also Dolenz v. Tex. State Bd. of Med. Exam'rs*, 899 S.W.2d 809, 812 (Tex. App.—Austin 1995, no pet.) (holding that "appellate court cannot review a trial court's action overruling a motion for summary judgment when the trial court has rendered an order of dismissal"). Accordingly, we overrule Bechem's second issue.

## Conclusion

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Hightower and Countiss.