**Reversed and Remanded and Opinion filed March 5, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00145-CV

---

**TEXAS G&S INVESTMENTS, INC. D/B/A TEXAS MONEY EXCHANGE, Appellant**

**V.**

**CONSTELLATION NEWENERGY, INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1023611**

---

# O P I N I O N

In this opinion we consider whether a party made a bona fide attempt to invoke appellate jurisdiction by timely submitting to its electronic filing service provider a motion for new trial that was not accepted by the clerk's office and then filing a notice of appeal within ninety days after rendition of judgment. We also address the legal sufficiency of the evidence offered to support the trial court's post-answer default judgment. Concluding that we have jurisdiction over the

appeal and that the evidence is legally insufficient, we reverse and remand for a new trial.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Constellation Newenergy, Inc. filed a petition asserting a breach-of-contract claim against appellant/defendant Texas G&S Investments, Inc. d/b/a Texas Money Exchange. In its petition, Constellation alleged that Texas G&S breached an electricity contract by failing to buy electricity before the term of the contract expired. Texas G&S filed an answer contesting the claim.

Texas G&S did not appear for trial. Though the trial court called the case to trial, Constellation did not submit any evidence. The trial court granted Constellation's motion for post-answer default judgment. A few days later, Constellation filed two affidavits in the clerk's record.

The trial court signed a final post-answer default judgment on November 25, 2013. About three weeks later, on December 18, Texas G&S submitted to its electronic service provider a document, the substance of which was a motion for new trial. The Harris County Clerk rejected the document. Constellation filed a response to the motion for new trial and Texas G&S filed a reply. After Texas G&S filed its reply, the trial court informed Texas G&S that no motion for new trial was on file. Texas G&S immediately filed a motion for new trial and the Harris County Clerk accepted it after the deadline for filing a motion for new trial had expired. The trial court denied the motion for new trial. Texas G&S filed a notice of appeal the following month.

## II.    ANALYSIS

### A. Appellate Jurisdiction

Constellation asserts that we lack jurisdiction over this appeal because Texas

2

G&S did not timely file its notice of appeal. Texas G&S's notice of appeal was timely only if it timely filed its motion for new trial, thereby extending its deadline to file its notice of appeal from thirty days to ninety days. *See* Tex. R. App. P. 26.1.

Given the Christmas holiday, the deadline to file a motion for a new trial was December 26, 2013 (the "Filing Deadline"). Eight days before the Filing Deadline, Texas G&S sent a document to its electronic service provider, ProDoc. The ProDoc receipt described the document as a "Motion for New Trial." Texas G&S's attorney filed an affidavit stating that the document sent to the electronic service provider was a motion for new trial. The receipt obtained by Texas G&S's counsel listed the document's current status as "filed." Although Texas G&S timely submitted the document to its electronic filing service provider, the Harris County Clerk rejected the document.

According to Texas G&S, the Harris County Clerk rejected the filing because the motion contained as attachments a proposed order and a proposed order setting hearing. Constellation filed a response to the motion and Texas G&S replied. After the response and reply were filed, on January 30, 2014, the trial court advised Texas G&S that it did not have on file the motion for new trial. Texas G&S immediately filed the motion along with a motion to consider the motion for new trial timely filed. The trial court denied the motion for new trial and did not explicitly rule on the motion to consider the motion timely filed. Texas G&S then filed its notice of appeal on February 13, 2014. Texas G&S's notice of appeal was timely filed if Texas G&S timely filed its motion for new trial and extended the timetable for a notice of appeal to ninety days. But, if Texas G&S's motion for new trial was not timely filed, then Texas G&S's notice of appeal was not timely filed and this court lacks jurisdiction. *See* Tex. R. App. P. 26.1.

3

A court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Appellate courts are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Id.* Texas courts have determined, under a liberal construction of the rules of appellate procedure, that an individual has filed an instrument in a bona fide attempt to invoke the appellate court's jurisdiction in some instances where an individual filed a defective document. *See Verburgt*, 959 S.W.2d at 617 (holding that appellate courts imply motion for extension of time to file notice of appeal); *Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994) (holding that court of appeals erred in finding it lacked jurisdiction over appeal despite party's failure to perfect separate appeals from separate orders rendered in same probate proceeding); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417 (Tex. 1992) (holding that failure to put correct cause number on cost bond does not deprive appellate court of jurisdiction); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports*, 813 S.W.2d 499, 500 (Tex. 1991) (dismissing appeal is improper if appellant timely files document in bona fide attempt to invoke the appellate court's jurisdiction).

The Supreme Court of Texas promulgated rules of civil procedure to standardize and govern electronic filings. These rules took effect on January 1, 2014. They were not in effect at the time Texas G&S filed its motion for new trial.[1] Harris County Local Rule of the County Courts concering the Electronic

---

[1] Under the new rules, the clerk may not refuse to file non-conforming documents, but must identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format. *See* Tex. R. Civ. P. 21(f)(11).

4

Filing of Court Documents 4.3,[2] entitled "Time Document is Filed," provides:

(a) A filer may electronically transmit a document through an EFSP[3] to TexasOnline 24 hours per day each and every day of the year, except during brief periods of state-approved scheduled maintenance which will usually occur in the early hours of Sunday morning.

(b) Upon sending an electronically-transmitted document to a filer's EFSP, the filer is deemed to have delivered the document to the county clerk and, subject to Rule 4.3(h), the document is deemed to be filed. If a document is electronically transmitted to the filer's EFSP and is electronically transmitted on or before the last day for filing the same, the document, if received by the county clerk not more than ten days tardily, shall be filed by the county clerk and deemed filed in time. A transmission report by the filer to the filer's EFSP shall be prima facie evidence of date and time of transmission.

(c) On receipt of a filer's document, the filer's EFSP must send the document to TexasOnline in the required electronic file format along with an indication of the time the filer sent the document to the EFSP and the filer's payment information. TexasOnline will electronically transmit to the filer an "acknowledgement" that the document has been received by TexasOnline. The acknowledgement will note the date and time that the electronically-transmitted document was received by TexasOnline.

(d) Upon receiving a document from a filer's EFSP, TexasOnline shall electronically transmit the document to the county clerk. If the document was not properly formatted, TexasOnline will transmit a warning to the filer's EFSP.

(e) Not later than the first business day after receiving a document from TexasOnline, the county clerk shall decide whether the document will be accepted for filing. The county clerk shall accept the document for filing provided that the document is not

---

[2] For the sake of convenience, these rules hereinafter will be referred to as the Harris County Local Rules for County Courts. The version of the local rules quoted in this opinion was in effect in December 2013.

[3] An "EFSP" is the defined term in the Harris County Local Rules for County Courts for an electronic filing service provider.

misdirected and complies with all filing requirements . . . If the county clerk fails to accept or reject a document within the time period, the document is deemed to have been accepted and filed.

(f) If the document is accepted for filing, the county clerk shall note the date and time of filing which, with the exception of subsection (h) below, shall be the date and time that the filer transmitted the document to the filer's EFSP. The county clerk shall inform TexasOnline of its action the same day action is taken. TexasOnline shall, on that same day, electronically transmit to the filer's EFSP a "confirmation" that the document has been accepted for filing by the county clerk. . . .

(g) If the document is not accepted for filing, the county clerk shall inform TexasOnline of its action, and the reason for such action, the same day action is taken. TexasOnline shall, on that same day, electronically transmit to the filer's EFSP an "alert" that the document was not accepted along with the reason the document was not accepted. The EFSP will electronically transmit the alert to the filer.

(h) Except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings, documents that serve to commence a civil suit will not be deemed to have been filed on Sunday when the document is electronically transmitted to the filer's EFSP, TexasOnline, or the county clerk on Sunday. Such documents will be deemed to have been filed on the succeeding Monday.

Harris (Tex.) County Ct. Loc. R. 4.3. Harris County Local Rule 7.2 for County Courts provides that the rules "shall be liberally construed so as to avoid undue prejudice to any person on account of using the electronic filing system or sending or receiving electronic service in good faith." Harris (Tex.) County Ct. Loc. R. 7.2. Texas courts have interpreted rules liberally and acted with leniency in this new area for practitioners, which, until January 1, 2014, was ungoverned by state rules. *See Tex. Dept. of Aging and Disability Services v. Mersch*, 418 S.W.3d 736, 743–44 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

Under the language of Harris County Local Rule 4.3(b) for County Courts,

6

the document was delivered to the clerk when Texas G&S transmitted the document to the electronic filing service provider and the document was deemed filed. Texas G&S has provided its receipt from ProDoc, along with an affidavit stating that the motion for new trial was filed on December 18, a date before the Filing Deadline. Although the Harris County Clerk rejected the document based on a formatting error, in these unique circumstances, and under a liberal construction of the rules designed to avoid prejudice associated with electronic filing, we conclude that Texas G&S's actions constituted a bona fide attempt to invoke appellate jurisdiction. *See Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994) (holding that filing a motion for new trial in the wrong cause number and then filing a notice of appeal were actions constituting a bona fide attempt to invoke appellate court jurisdiction); *Hernandez v. Koch Machinery Co.*, 16 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (same). Accordingly, Texas G&S's notice of appeal was timely filed. We have jurisdiction over this appeal.

### B. Legal Sufficiency of the Evidence

In its third issue, Texas G&S asserts that the trial court erred in granting Constellation's post-answer default judgment because the evidence is legally insufficient to support a liability finding and damages award.[4] The failure to appear is considered neither an abandonment of the defendant's answer nor an implied confession of any issues. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). In the context of a post-answer default, a judgment cannot be rendered on the pleadings. *Id.* The plaintiff still must offer evidence and prove its case. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012);

---

[4] In a non-jury case, a party may challenge the legal sufficiency of the evidence for the first time on appeal. *See* Tex. R. App. P. 33.1(d); *Briones v. Brazos Bend Villa Apartments*, 438 S.W.2d 808, 815 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

*In re E.M.W.*, No. 14-10-00964-CV, 2011 WL 5314525, at *4 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet.) (mem. op.) (holding that plaintiff still must offer evidence and prove  plaintiff's case as in a judgment following a contested trial).

We review the legal sufficiency of the evidence supporting a post-answer default judgment under the same standard of review governing the legal sufficiency of the evidence at a contested trial.  When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005).  We  are to credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The factfinder is the only judge of witness credibility and the weight to give to testimony. *See id.* at 819.

In its petition, Constellation sued Texas G&S for breach of contract as a result of Texas G&S's alleged failure to accept electricity deliveries at various locations and its alleged failure to pay for electricity supplied before switching its service to another provider.  Constellation alleged that Texas G&S owed it $381.04, plus interest and late fees, for services provided on Texas G&S's open account and $64,102.38, plus accrued interest and late fees, in losses resulting from Texas G&S's failure to accept electricity delivery at various locations. In its petition Constellation also sought to recover attorney's fees.

To establish a breach of contract, a party must show: (1) a valid contract existed, (2) the party performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff sustained damages as a result of the

breach. *Abraham & Company, Inc. v. Smith*, No. 14-03-00163-CV, 2004 WL 210570 at *2 (Tex. App.—Houston [14th Dist.] Feb. 5, 2004, no pet.) (mem. op.).

The reporter's record indicates that the trial court did not hear any evidence on the date of the trial resulting in the post-answer default judgment. The trial court cannot render judgment on the pleadings. *See Stoner*, 578 S.W.2d at 682. In addition to the pleadings, the clerk's record contains two affidavits that were filed after the date of the trial. One affidavit, from Constellation's attorney, relates to attorney's fees. The other affidavit is from the manager of pricing for Constellation, Mathew Motsinger, who states that the material terms of the agreement between the parties are attached to the affidavit as Exhibits A and B. But, there are no affidavit attachments in the clerk's record. We need not determine whether we can consider Motsinger's affidavit in the clerk's record as evidence to sustain the post-answer default judgment because even if we could consider it, the affidavit does not contain all of the material terms of agreement. *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) (holding that there was legally insufficient evidence of a breach of contract when the evidence did not contain all of the material terms of the agreement).

We conclude that the evidence is legally insufficient to support the post-answer default judgment. Therefore, we sustain Texas G&S's second issue and remand for a new trial.[5] *See Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (holding that the proper disposition is to reverse and remand a case involving a post-answer default judgment supported by legally insufficient evidence rather than to render judgment); *Brown v. Ogbolu*, 331 S.W.3d 530, 535 (Tex. App.—Dallas 2011, no pet.) (same).

---

[5] Given our disposition of Texas G&S's third issue, we need not address Texas G&S's second issue because even if we were to sustain Texas G&S's second issue, that action would not afford Texas G&S any greater relief than a new trial.

### III. CONCLUSION

We have jurisdiction over this appeal because Texas G&S made a bona fide attempt to invoke appellate jurisdiction. Constellation did not present legally sufficient evidence of its breach-of-contract claim necessary for the court to sustain the post-answer default judgment rendered in Constellation's favor. Accordingly, the trial court's judgment is reversed and the case is remanded for a new trial.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby.