**Reversed and Remanded and Opinion filed April 29, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00535-CV

---

### NA LAND COMPANY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1120484**

---

### OPINION

In this condemnation case, we hold that a party's objection to the special commissioners' award is deemed filed under the Property Code when the party transmits the objection to an electronic filing service provider. Thus, appellant filed its objection by the statutory deadline, and the trial court erred by granting the State's plea to the jurisdiction and denying appellant's motion for new trial. The trial court's judgment is reversed, and the case is remanded.

# I. Background

On March 19, 2019, the special commissioners rendered a condemnation award regarding appellant's property. Appellant filed an objection to the award with the trial court on April 16, one day after the statutory deadline. The trial court subsequently rendered a judgment "in absence of objection," making the decision of the special commissioners a judgment of the court.

Appellant filed a motion for new trial, contending that it attempted to file the objection electronically and timely on April 15, but appellant was unable to "gain an acceptance of the filing" due to a technical failure. Appellant attached an "eFiling for Texas – Envelope Summary" dated April 15. The document describes the filing as "Defendant's Objections to Award and Original Answer." It indicates the filing status is "draft," but also includes an "Error" message: "Unable to contact payment provider at this time. Please try again in a few minutes. If this error persists, please contact support." Appellant argued in the motion that the missed deadline was due to a technical failure or system outage under Rule 21 of the Texas Rules of Civil Procedure.

The State filed a combined response to the motion and plea to the jurisdiction. The State argued that even if appellant's objection was "timely attempted, but not processed because [appellant's] payment did not go through, [it] is insufficient under the plain language" of the Texas Property Code. At a hearing on the motions, appellant's counsel informed the trial court that counsel put the objection in the system for electronic filing, and there was a technical problem with the payment system that counsel did not discover until the following day. Counsel stated that he called the support phone number, and "they said because they had a technical problem on Monday the 15th in the three-way communication to go to the payment system."

The trial court denied the motion for new trial and granted the plea to the jurisdiction.

## II. ANALYSIS

Appellant contends that the trial court erred by denying the motion for new trial and granting the State's plea to the jurisdiction because appellant filed its objection on April 15. The State contends that (1) appellant did not file an objection because the Texas Rules of Civil Procedure are inapplicable and the statutory deadline contains no exceptions; and (2) appellant's evidence shows that appellant did not tender its objection to the clerk, and the objection was never rejected.

"A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding." Tex. Prop. Code § 21.018(a). The statement must be filed on or before the first Monday following the twentieth day that the commissioners file their findings with the court. *Id.* The parties agree that the deadline to file in this case was April 15, 2019.

If a party files an objection, the case may be tried in the same manner as other civil causes. *Id.* § 21.018(b). If no party files a timely objection, "the judge of the court that has jurisdiction of the proceeding shall adopt the commissioners' findings as the judgment of the court." *Id.* § 21.061. With no timely objection, the case is never converted from an administrative proceeding to a judicial action. *See City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006); *Pearson v. State*, 315 S.W.2d 935, 937 (Tex. 1958). In that scenario, the Texas Rules of Civil Procedure generally do not apply, and there is no judgment from which a party can appeal. *See Patrick Media Grp., Inc. v. Dall. Area Rapid Transit*, 879 S.W.2d 375, 376–77 (Tex. App.—Eastland 1994, writ denied) (citing *Pearson*, 315 S.W.2d 935); *see*

3

*also Rayburn v. State*, 356 S.W.2d 774, 774 (Tex. 1962) (per curiam) (holding that the statutory time period for filing an objection to a condemnation award is not enlarged by Rule 4 of the Texas Rules of Civil Procedure); *Pappas Restaurants, Inc. v. State*, No. 01-15-00001-CV, 2016 WL 3900720, at \*6 (Tex. App.—Houston [1st Dist.] July 14, 2016, no pet.) (mem. op.) (reasoning that Rule 8 was "inapplicable" before an objection was filed).

The statutory deadline for filing objections in a condemnation proceeding is not as inflexible as the State suggests. The condemnation statute should be "liberally construed for the benefit of the landowner." *John v. State*, 826 S.W.2d 138, 140 (Tex. 1992). For example, the Supreme Court of Texas has held that the statutory deadline for filing objections is tolled by the clerk's failure to send notice required by another statute. *See id.* at 140–41 & n.5. And the court held that mandamus was not available to require the rendition of a judgment on the condemnation award although no party filed a timely objection because the special commissioners' report was misnumbered with the wrong case number. *See Packer v. Fifth Court of Appeals*, 764 S.W.2d 775, 775–76 (Tex. 1989).

Under the Code Construction Act, which is applicable to the condemnation statutes, *see* Tex. Prop. Code § 1.002, "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Tex. Gov't Code § 311.011. The parties have not directed this court to a definition of "file" or "filing" in the Property Code.

However, this court and the Supreme Court of Texas have addressed what it means to "file" a document in a Texas court. Just as the condemnation statutes are construed liberally to protect landowners, so are rules of procedure to ensure that a right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rules. *See Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993). Thus, courts have routinely held a document is "filed" when it is tendered

4

to the clerk although a filing fee is not paid until a later date. *See id.* Particularly when electronic filing is involved, "Texas courts have interpreted rules liberally and acted with leniency." *Tex. G & S Invs., Inc. v. Constellation Newenergy, Inc.*, 459 S.W.3d 252, 257 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also* Harris (Tex.) County Ct. Loc. R. 7.2 (providing that rules should be "liberally construed so as to avoid undue prejudice to any person on account of using the electronic filing system").

Under the Texas Rules of Civil Procedure, an electronically filed document is "deemed filed when transmitted to the filing party's electronic filing service provider." Tex. R. Civ. P. 21(f)(5); *see also* Harris (Tex.) County Ct. Loc. R. 4.3(b) ("Upon sending an electronically-transmitted document to a filer's [electronic filing service provider], the filer is deemed to have delivered the document to the county clerk and . . . the document is deemed to be filed."). Consistent with the rules, this court has held that a motion for new trial was timely filed to extend the time for filing a notice of appeal because the party "transmitted the document to the electronic filing service provider." *Tex. G & S Invs.*, 459 S.W.3d at 257. As such, the document was tendered to the clerk and deemed filed. *See id.*

The State contends that there is a distinction in this case because the clerk never received the document and rejected it before the deadline, unlike in *Texas G & S Investments*. This distinction makes no difference under the rules for determining when an electronically submitted document is filed. A document is filed when it is submitted to an electronic filing service provider, not when it is received by the clerk. *See* Tex. R. Civ. P. 21(f)(5); Harris (Tex.) County Ct. Loc. R. 4.3(b); *Tex. G & S Invs.*, 459 S.W.3d at 257.

Appellant's counsel informed the trial court at the hearing, without objection from the State, that counsel put the objection to the condemnation award in the

system for electronic filing and there was a technical problem with the payment system.[1] The eFiling for Texas "envelope summary" that appellant attached to its motion for new trial is dated April 15, 2019, and includes an "Error" message: "Unable to contact payment provider at this time. Please try again in a few minutes. If this error persists, please contact support." Considering this undisputed and unobjected-to evidence, appellant has shown that its objection to the condemnation award was timely transmitted to the electronic filing service provider on April 15, 2019.

Relying on the "envelope summary" that appellant attached to its motion for new trial, the State points to the filing status of "draft" to argue, "This proves that the envelope was never submitted to the clerk and it was likewise never rejected." The State acknowledges—indeed, asks this court to take judicial notice—that electronic filing goes through three stages: (1) the filer submits documents to their electronic filing service provider; (2) the service provider checks the submission for completeness, calculates fees, and electronically delivers the submitted documents to the court; and (3) the court clerk receives the documents and fees for acceptance and processing and either accepts the documents or returns them for correction. The State does not elaborate or provide additional evidence to show what the "draft" status indicates regarding whether the document was submitted to the electronic filing service provider, so the "draft" status does not create a fact issue. *Cf. Tex. Dep't of Family & Protective Servs. v. Wallace*, No. 03-12-00373-CV, 2013 WL 490976, at *1–2 (Tex. App.—Austin 2013, no pet.) (party claiming to have timely e-filed document did not raise fact issue based on an e-mail that

---

[1] Although counsel's unsworn statements may not be evidence in the formal sense, they have "special significance" due to the ethical canons' requirement of candor to the court, and a court may rely on them. *See U.S. Gov't v. Marks*, 949 S.W.2d 320, 326–27 (Tex. 1997); *In re D.J.L.*, No. 14-16-00342-CV, 2016 WL 6108341, at *5 (Tex. App.—Houston [14th Dist.] Oct. 18, 2016, no pet.) (mem. op.); *see also Banda v. Garcia*, 955 S.W.2d 270, 271–72 (Tex. 1997) (treating counsel's unsworn statements of fact as evidence when the opponent did not object).

appeared to have a timely "sent date," but the body of the e-mail referenced the rejection of the filing forty days later). Again, whether the clerk received and rejected the document is not dispositive. *See* Tex. R. Civ. P. 21(f)(5); Harris (Tex.) County Ct. Loc. R. 4.3(b); *Tex. G & S Invs.*, 459 S.W.3d at 257; *see also Cummings v. Billman*, No. 02-20-00034-CV, 2020 WL 938172, at \*2, \*4 (Tex. App.—Fort Worth Feb. 27, 2020, order) (holding that appellate deadlines were extended when a party "canceled" an electronically filed motion to reinstate before the clerk could process it; reasoning that "Rule 21(f)(5) has no requirement that the clerk actually receive the document" for a document to be deemed filed).

Construing the condemnation statute liberally, as we must, in light of the rules and precedent concerning electronic filing, we hold that appellant's objection was timely "filed" under Sections 21.018(b) and 21.061 of the Property Code. *Cf. Tex. G & S Invs.*, 459 S.W.3d at 257; *see also* Tex. R. Civ. P. 21(f)(5); Harris (Tex.) County Ct. Loc. R. 4.3(b).

### III. CONCLUSION

The trial court erred by granting a plea to the jurisdiction and denying the motion for new trial because appellant filed an objection by transmitting it to an electronic filing service provider. The trial court's judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Bourliot, and Jamison.[2]

---

[2] Senior Justice Martha Hill Jamison sitting by assignment.

7