**Affirmed in Part, Reversed in Part, and Remanded, and Memorandum Opinion filed July 13, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00819-CV

---

### KENNARD LAW, P.C., Appellant

### V.

### LAMAR TEXAS LIMITED PARTNERSHIP, Appellee

---

**On Appeal from the County Court at Law No. 2
Fort Bend County, Texas
Trial Court Cause No. 17-CCV-059600**

---

### MEMORANDUM OPINION

After appellant Kennard Law, P.C. (Kennard) failed to appear for trial, the trial court signed a post-answer default judgment against Kennard in favor of appellee Lamar Texas Limited Partnership (Lamar). In issue one, Kennard argues that the trial court erred in denying its plea to the jurisdiction because the trial court lacked subject-matter jurisdiction over Lamar's claims. In issue two, Kennard argues the trial court erred in rendering a default judgment after Kennard had filed

an answer and that Lamar failed to prove all aspects of its case. We affirm in part as to issue one and affirm in part and reverse in part as to the trial court's award of attorney's fees in issue two.

## I.    BACKGROUND

Lamar brought a suit on a sworn account in March 2017 against Kennard in Fort Bend County alleging that Kennard owed $33,867.50 for unpaid billboard advertisements. Kennard answered with an unverified general denial. Kennard never objected to venue but filed a plea to the jurisdiction in August 2019, alleging that Kennard is headquartered in Harris County and that the facts underlying the suit have no connection to Fort Bend County.

In September 2019, Kennard failed to appear for trial, and the trial court signed a default final judgment awarding damages, pre- and post-judgment interest, attorney's fees, and costs to Lamar and against Kennard. There is no reporter's record of the bench trial. Though Kennard argues in this appeal that the failure to appear was due to a scheduling conflict, Kennard did not file a motion for new trial, and instead filed a notice of appeal of the default final judgment.

## II. ANALYSIS

### A.    Subject-matter jurisdiction

Kennard argues that the trial court erred in denying its plea to the jurisdiction because the trial court lacked subject-matter jurisdiction to hear Lamar's case in Fort Bend County. "[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Consequently, a court cannot render a binding judgment concerning matters over which it lacks subject-matter jurisdiction. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) (orig. proceeding).

2

Determining whether a trial court had subject-matter jurisdiction is a question of law, which we review de novo. *City of Hous. v. Rhule,* 417 S.W.3d 440, 442 (Tex. 2013) (per curiam).

Subject-matter jurisdiction is the power of a court to hear and determine cases of a general class to which the case in question belongs. *Mladenka v. Mladenka*, 130 S.W.3d 397, 400 (Tex. App.—Houston [14th Dist.] 2004, no pet.). For courts of general jurisdiction such as our state district courts, subject-matter jurisdiction usually is presumed, absent a showing to the contrary. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex. 2000); *see* Tex. Const. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."). But county courts at law are courts of limited jurisdiction. *United Servs. Auto. Ass'n v. Brite,* 215 S.W.3d 400, 401 (Tex. 2007). Because jurisdiction in such courts is not presumed, the authority to adjudicate the claims presented must be established at the outset of the case. *See Kazi,* 12 S.W.3d at 75. A plaintiff filing a pleading asserting a claim must "allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993).

A Fort Bend county court at law has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for a county court. Tex. Gov't Code Ann. § 25.0003(a); *see also* Tex. Gov't Code Ann. § 25.0812 (jurisdiction of Fort Bend county courts at law). Fort Bend county courts at law also have original jurisdiction in civil cases based on the value of the "matter in controversy." Tex. Gov't Code Ann. § 25.0003(c)(1) (civil cases in

3

which matter in controversy exceeds $500 but does not exceed $250,000). Here, Lamar's petition alleged a civil claim with an amount in controversy between $250 and $250,000. Therefore, Lamar pleaded sufficient facts to invoke the subject-matter jurisdiction of the trial court.

Kennard does not identify any facts or legal issues that demonstrate the trial court lacked subject-matter jurisdiction. Instead, Kennard explains that it is headquartered in Harris County, and that "the actions for the basis of this lawsuit occurred in the Rio Grande Valley." Kennard's arguments track the general rule for counties of proper venue in the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1), (3). Though Kennard's arguments appear to address venue rather than subject-matter jurisdiction, Kennard never challenged venue in the trial court and therefore did not preserve any error for this court to review with respect to venue. *See* Tex. R. Civ. P. 86 ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion"); Tex. R. App. P. 33.1(a). We conclude that the trial court did not err in denying Kennard's plea to the jurisdiction.

We overrule Kennard's issue one.

## B.    The post-answer default judgment

In issue two, Kennard argues that the trial court reversibly erred by rendering the default final judgment. To the extent Kennard argues that the trial court erred solely by rendering a post-answer default judgment, we disagree. The supreme court has recognized that a failure to appear for trial may result in a post-answer default judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009). Therefore, the fact that Kennard filed an answer, without more, does not prevent the trial court from properly rendering a default final

4

judgment. However, Kennard also argues that the final judgment was improper because Lamar did not prove its case.

### 1. Kennard's failure to file a motion for new trial

Lamar argues in response that Kennard did not preserve its challenge to the post-answer default judgment for appeal because Kennard did not file a motion for new trial.[1] The supreme court articulated the standard for setting aside a default judgment in *Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). This test governs post-answer default judgments as well as no-answer default judgments. *Dolgencorp*, 288 S.W.3d at 925–26; *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966) (extending *Craddock* to post-answer default judgments). Under the *Craddock* test, a default judgment should be vacated and a new trial granted when the defaulting party establishes: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise injure the party who obtained the default judgment. *Craddock*, 133 S.W.2d at 126; *see also Dolgencorp*, 288 S.W.3d at 925.

When extrinsic evidence is necessary to challenge a default judgment, a motion for new trial filed in the trial court is a prerequisite to complaining on appeal that it should be set aside. Tex. R. Civ. P. 324(b)(1); *see Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) ("When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to

---

[1] Kennard filed a notice of appeal on October 15, 2019, less than 30 days after the September 17, 2019 default judgment. Thus, Kennard knew about the default judgment within the 30-day period in which it could have filed a motion for new trial. *See* Tex. R. Civ. P. 329b(a).

consider and weigh factual evidence."); *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (citing Rule 324 for proposition that motion to set aside default judgment is complaint on which evidence must be heard). The record does not contain any information supporting any of the *Craddock* factors. Kennard did not file a motion for new trial, nor did he attempt to put any evidence in the record through another means.[2] Therefore, by not filing a motion for new trial, Kennard did not introduce any extrinsic evidence to the record to support any of the *Craddock* factors. We agree with Lamar that Kennard has waived its opportunity to set aside the default judgment by not filing a motion for new trial. *See* Tex. R. Civ. P. 324(b)(1); Tex. R. App. P. 33.1(a)(1)(B).

We overrule Kennard's issue two in part.

### 2. Legal sufficiency of the evidence

However, Kennard also argues in issue two that Lamar failed to prove its case. We read this argument as challenging the final judgment as not supported by legally-sufficient evidence, a complaint which may be made for the first time on appeal. Tex. R. App. P. 33.1(d). We review the legal sufficiency of the evidence supporting a post-answer default judgment under the same standard of review governing the legal sufficiency of the evidence at a contested trial. *Texas G & S Invs., Inc. v. Constellation Newenergy, Inc.*, 459 S.W.3d 252, 257 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We consider the evidence in the light most favorable to the challenged judgment and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

A post-answer default judgment occurs when a defendant who has answered

---

[2] Kennard states in its reply brief that an unintentional calendaring mistake led to the non-attendance at trial. However, Kennard's statement in its reply brief is not evidence, nor can Kennard raise a new issue in its reply brief, not raised in its original brief. *See* Tex. R. App. 38.3.

fails to appear for trial. *Dolgencorp*, 288 S.W.3d at 925. The failure to appear is considered neither an abandonment of the defendant's answer nor an implied confession of any issues. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). A post-answer default judgment cannot be rendered on the pleadings alone.[3] *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). The plaintiff must still offer evidence and prove its case. *Id.*

There is no reporter's record of the trial. In its appellate briefing, Lamar states that it believes the court reporter transcribed the trial proceeding. However, the court reporter filed a signed statement with this court stating there is no reporter's record. The court's docket sheet reflects that witness testimony was taken and a single exhibit admitted; however, the docket sheet is not evidence of Lamar's claim and does not provide anything for this court to review with regard to the sufficiency of the evidence. *See Rios v. Texas Bank*, 948 S.W.2d 30, 31–32 (Tex. App.—Houston [14th Dist.] 1997, no writ) (ordinarily docket entry is not part of record that may be considered by appellate court, though docket entry may be considered in certain situations, such as when necessary to correct clerical errors in judgments or orders); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Lamar references the availability of the trial exhibit, either in part or in full, on the Fort Bend County District Clerk's website. However, this court may not consider documents that are not part of the record, and the exhibit referenced by Lamar is not part of the record in this

---

[3] No-answer and post-answer default judgments differ in the issues a plaintiff is required to prove. *Dolgencorp*, 288 S.W.3d at 930. In cases of no-answer default, a defaulting defendant admits all facts properly pleaded in the plaintiff's petition except for the amount of unliquidated damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Thus, the plaintiff is only required to prove its claim for unliquidated damages. *Id.*; *see* Tex. R. Civ. P. 243. But if the defendant files an answer, as in this case, a trial court may not render judgment on the pleadings, and the plaintiff is required to offer evidence and prove all aspects of its claim. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012)

appeal. *See* Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Because Lamar filed a suit on a sworn account, we are able to consider Lamar's petition and corresponding affidavit as prima facie evidence of its claim. Texas Rule of Civil Procedure 185 describes the evidence necessary to establish a prima facie right of recovery or defense for a suit on a sworn account. *See* Tex. R. Civ. P. 185; *Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 894 (Tex. App.— Houston [14th Dist.] 2012, no pet.); *Smith v. CDI Rental Equip., Ltd.*, 310 S.W.3d 559, 566 (Tex. App.—Tyler 2010, no pet.) ("a suit on a sworn account is not an independent cause of action; it is a procedural rule with regard to evidence necessary to establish a prima facie right of recovery of certain types of contractual (account) claims"). Prima facie evidence "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (citing *Simonds v. Stanolind Oil & Gas Co.*, 136 S.W.2d 207, 209 (Tex. [Comm'n Op.] 1940)). If a plaintiff complies with Rule 185's requirements, the plaintiff is entitled to judgment as a matter of law unless the defendant files a verified denial. *Tandan*, 377 S.W.3d at 894; *see Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Lamar's petition and affidavit met the requirements of Rule 185. The affidavit attached to Lamar's petition also included and proved up the contract between Lamar and Kennard for the billboard advertisements, as well as a statement of Kennard's account. *See* Tex. R. Evid. 902(10). These records were supported by an affidavit that established Lamar's claim was "within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payment and credits have

been allowed[.]" Tex. R. Civ. P. 185. In the event of a breach, the contract provided for an interest rate of 1.5% per month, corresponding to the annualized interest rate in the judgment. Kennard did not file a verified denial, which conclusively established there was no defense to the suit on the sworn account. *See Tandan*, 377 S.W.3d at 894. Therefore, Lamar did prove its suit-on-a-sworn-account claim as a matter of law. *Cf. Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (post-answer default judgment cannot be supported by suit on sworn account pleadings when defendant's sworn denial destroyed evidentiary effect of plaintiff's verified sworn account pleadings).

The judgment also contains an award of attorney's fees in the amount of $6,000. Though the contract between the parties did allow for "reasonable attorney's fees" in the event of a breach, Lamar was required to prove the reasonableness of the requested attorney's fees. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501–02 (Tex. 2019) ("a claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought"). There is neither any record of attorney testimony on fees, nor does the record contain any billing records.

If the plaintiff offers evidence in the absence of the defendant or his attorney, the failure to have the court reporter present to transcribe the proceedings and file exhibits constitutes reversible error. *Bechem v. Reliant Energy Retail Services, LLC*, 441 S.W.3d 839, 846 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978) (holding that if appellant "through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case

9

reviewed can be preserved in no other way"); *cf.* Tex. R. Civ. P. 37.3(c) (when no reporter's record filed due to appellant's fault); *Mays v. Pierce*, 281 S.W.2d 79, 82 (Tex. 1955) (general rule is when record does not include statement of facts we presume there was evidence to support trial court's judgment). This error is not harmless because, without a reporter's record, the reviewing court is unable to determine if sufficient evidence was submitted to support the judgment. *See Bechem*, 441 S.W.3d at 846*; see also Carstar Collision, Inc. v. Mercury Fin. Co.*, 23 S.W.3d 368, 370 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). We conclude there is no evidence in the record supporting the award of attorney's fees to Lamar. *See Rohrmoos Venture*, 578 S.W.3d at 502 ("Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services[.]"). In a post-answer default setting, a legal insufficiency point will only support a new trial, and not a rendition of judgment. *See Dolgencorp*, 288 S.W.3d at 929–30 ("In the absence of opposing counsel, an uncontested trial, like an uncontested damages hearing, is less likely to result in a fully-developed factual record."); *see also U.S. Fire Ins. Co. v. Carter*, 473 S.W.2d 2, 3 (Tex. 1971) (noting appellate court may remand when case has not been fully developed); *Bechem*, 441 S.W.3d at 846. We sustain issue two in part.

### III. CONCLUSION

The trial court's judgment is reversed in part as to the award of attorney's fees to Lamar. We otherwise affirm the trial court's judgment as challenged on appeal. The case is remanded to the trial court for further proceedings limited to Lamar's attorney's fees claim.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.