**Reversed and Remanded and Memorandum Opinion filed April 30, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00542-CV

**AAF AUTO GROUP, INC. D/B/A AMERICA'S AUTO FINANCIAL, Appellant**

**V.**

**DORIAN HALE, Appellee**

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1171099**

## MEMORANDUM OPINION

Because the plaintiff presented no evidence at trial, we conclude that the evidence is legally insufficient to support the trial court's post-answer default judgment, and we reverse and remand for a new trial.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Dorian Hale alleged various violations of the Texas

Deceptive Trade Practices and Consumer Protection Act by appellant/defendant AAF Auto Group, Inc. d/b/a America's Auto Financial ("AAF"), arising out of AAF's sale of a 2006 Hummer (the "Vehicle") to Hale in May 2021. Hale alleged that AAF represented that the Vehicle was running and did not need any repairs and that shortly after buying it, Hale discovered there were substantial leaks in the cabin that damaged its headliner and electronics. Hale contended that AAF knew about the leaks before it sold him the Vehicle. Hale did not verify his petition.

AAF filed an answer denying Hale's allegations. AAF asserted that it is not liable because the purchase contract specifically and unequivocally stated that the Vehicle was being sold in "as-is." AAF asserted that it told Hale of the headliner issue when Hale inspected the Vehicle before purchase. According to AAF it gave Hale an approximate $200 discount to have the headliner repaired. AAF claimed that after Hale bought the Vehicle and learned that the Vehicle repair would be an additional $100, AAF paid the repair company the additional $100.

On February 21, 2022, the trial court granted a motion to withdraw filed by Hale's lawyers. From that point forward Hale represented himself.

The case was set for a bench trial by video conference on April 4, 2022 at 10:30 a.m. Hale appeared for trial but AAF's counsel did not appear at 10:30 a.m. on the trial date. According to AAF's verified and uncontroverted motion for new trial, the following occurred on April 4, 2022:

- AAF's counsel was unusually delayed due to factors in other cases beyond counsel's control.
- AAF's counsel was held by another court to represent an indigent individual being held in custody for felony criminal charges.
- AAF's counsel was required to appear at 9:00 a.m. on April 4, 2022, in that criminal case and had every expectation of appearing before the trial court in today's case at 10:30 a.m.

- Counsel appeared for the trial setting in this case at approximately 10:47 a.m. by video conference.

- After approximately five minutes had passed without gaining entrance into the video conference, counsel disconnected and attempted to re-establish connection, presuming that the first connection was faulty.

- Eventually counsel did establish a good connection and was let into the trial setting online by the trial court at approximately 10:55 a.m.

- AAF's counsel attempted to explain to the trial court the unintentional delay and apologized for the tardiness due to being held up on matters that began in another court at 9:00 a.m.

- No exhibits were efiled or otherwise sent on Hale's behalf to support Hale's allegations, as required by the trial court.

- No evidence from Hale was before the trial court at the time of trial.

The trial court ruled that it had already made a decision to grant judgment in favor of Hale, despite the absence of evidence supporting Hale's claims.[1] After Hale submitted a proposed judgment, the trial court signed a final, post-answer default judgment in which the trial court stated that despite having been duly notified of the trial setting, AAF failed to appear. Without stating that Hale had presented any evidence or that the trial court had considered any evidence, the trial court ordered that Hale recover $14,995, plus post-judgment interest and court costs from AAF.

AAF timely filed a motion for new trial in which AAF asserted that a post-answer default judgment must be supported by evidence but that no evidence was before the trial court. The motion for new trial was overruled by operation of law.

---

[1] The statement-of-facts section of the appellant's brief contains this proposition, and Hale has not contradicted it. Therefore, we accept this statement as true. *See* Tex. R. App. P. 38.1(g) (stating that "[i]n a civil case, the curt will accept as true the facts stated unless another party contradicts them"); *Johnson v. Office of Attorney General of Texas*, No. 14-11-00842-CV, 2013 WL 151622, at *1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2013, no pet.) (mem. op.).

3

AAF timely perfected this appeal.[2]

## II.    ISSUE AND ANALYSIS

**Did the trial court err in rendering a post-answer default judgment because no evidence was submitted to or admitted by the trial court?**

On appeal AAF asserts in a sole issue that the trial court erred in granting a post-answer default judgment because no evidence was submitted to or admitted by the trial court. Liberally construing AAF's brief, AAF also argues that the trial court erred in granting a post-answer default judgment because the evidence before it was legally insufficient to support the judgment.[3] The failure to appear is considered neither an abandonment of the defendant's answer nor an implied confession of any issues. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). In the context of a post-answer default, a judgment cannot be rendered on the pleadings. *Id.* The plaintiff still must offer evidence and prove its case. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012); *In re E.M.W.*, No. 14-10-00964-CV, 2011 WL 5314525, at *4 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet.) (mem. op.) (holding that plaintiff still must offer evidence and prove plaintiff's case as in a judgment following a contested trial).

We review the legal sufficiency of the evidence supporting a post-answer default judgment under the same standard of review governing the legal sufficiency of the evidence at a contested trial. When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to

---

[2] Hale represents himself on appeal. We liberally construe briefs and other filings submitted by pro se parties, and we hold pro se litigants to the same standards as licensed attorneys, requiring them to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Rogers v. City of Houston*, 627 S.W.3d 777, 786 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

[3] In a non-jury case, a party may challenge the legal sufficiency of the evidence for the first time on appeal. *See* Tex. R. App. P. 33.1(d); *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 815 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We are to credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The factfinder is the only judge of witness credibility and the weight to give to testimony. *See id.* at 819.

In his petition, Hale alleged various violations of the Texas Deceptive Trade Practices and Consumer Protection Act by AAF, arising out of AAF's sale of the Vehicle to Hale ("DTPA Claims"). The judgment and the appellate record indicate that the trial court did not hear any evidence at the bench trial that resulted in the post-answer default judgment. In addition, in the statement-of-facts section of AAF's brief, AAF asserts that (1) the trial court ruled that it had already made a decision to grant judgment in favor of Hale, despite the absence of evidence supporting Hale's claims; (2) no evidence was submitted by Hale proving Hale's claims of liability in any manner against AAF; and (3) no evidence was submitted by Hale proving the contention that damages existed, much less proving a proper calculation of damages. Hale has not contradicted any of these propositions. Therefore, we accept each of these statements as true. *See* Tex. R. App. P. 38.1(g) (stating that "[i]n a civil case, the court will accept as true the facts stated unless another party contradicts them"); *Johnson v. Office of Attorney General of Texas*, No. 14-11-00842-CV, 2013 WL 151622, at *1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2013, no pet.) (mem. op.).

In this context the trial court may not render judgment on the pleadings. *See Stoner*, 578 S.W.2d at 682. We conclude that the evidence is legally insufficient to support the post-answer default judgment. Therefore, we sustain AAF's sole issue

and remand for a new trial.[4] *See Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (holding that the proper disposition is to reverse and remand a case involving a post-answer default judgment supported by legally insufficient evidence rather than to render judgment); *Texas G&S Investments, Inc. v. Constellation Newenergy, Inc.*, 459 S.W.3d 252, 257–58 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

## III. CONCLUSION

Hale did not present legally sufficient evidence of his DTPA Claims necessary for this court to sustain the post-answer default judgment rendered in Hale's favor. Accordingly, the trial court's judgment is reversed, and the case is remanded for a new trial.

/s/    Randy Wilson
        Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

---

[4] We need not and do not address AAF's other arguments under its sole issue because none of them would afford AAF any greater relief than a new trial.